## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew Bernlohr
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jimmie Austin, III, *Appellant-Defendant*, | April 26, 2019 |
| | Court of Appeals Case No. 18A-CR-2480 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Marshelle Dawkins Broadwell, Magistrate |
| | Trial Court Cause No. 49G17-1806-CM-21138 |

**Brown, Judge.**

[1] Jimmie Austin, III, appeals his sentence for battery resulting in bodily injury as a class A misdemeanor. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On June 29, 2018, Eric Dodson was in custody in a holding cell in Marion County and walked to the bathroom. While Dodson was in the process of defecating, Austin struck Dodson from the side and Dodson was "just blindsided." Transcript Volume II at 82. Dodson did not know Austin personally, had no interaction with Austin that night, and never said anything to Austin prior to being struck. Dodson suffered a cut on his ear. Marion County Sheriff's Deputy Brandon Wilcox responded to the fight and observed Dodson standing "with his hands like this, and blood – a lot of blood, dripping from his face all over the floor." *Id.* at 99.

[3] On June 29, 2018, the State charged Austin with battery resulting in bodily injury as a class A misdemeanor. On September 13, 2018, the court held a jury trial. Dodson testified to the details of the attack. Deputy Wilcox testified that he had been a deputy with the Sheriff's Office for about four years and, when asked how often he sees fights in the jail, he answered: "I would say once a shift." *Id.* at 95. The prosecutor asked Deputy Wilcox: "And in your four (4) years at the Marion County Sheriff's Office, how severe was this fight, compared to the others that you've seen." *Id.* at 103. Deputy Wilcox answered: "Uh, this one (1) takes – it's pretty high . . . it's the worst one (1) that

I've seen." *Id.* On cross-examination, Deputy Wilcox indicated that the capacity of the room where the fight took place was now around forty people and that on the day of the incident the cell would have been over capacity according to today's standards.

[4] Austin testified that the holding cell was "kind of crowded," that he and another individual "had some words," that Dodson went to that individual and the individual took off a shoe, that Dodson walked back to the front of the cell with a shirt that he did not have initially, and that he became scared and thought Dodson had a weapon. *Id.* at 112. When asked why he punched Dodson more than once, Austin answered: "I mean, like I said, my intentions – I was scared. So, my intentions was to extinguish the problem, at least to put him down until somebody came or to defend myself to the point where somebody did show up." *Id.* at 116-117. On cross examination, the prosecutor stated: "So, now, you have hit him multiple times. He's on the ground. He is bleeding. He has soiled his pants. And you continue to hit him, right?" *Id.* at 118. Austin answered: "Yes." *Id.* The jury found Austin guilty as charged.

[5] The court observed that Austin had a "significant criminal history" and that the evidence showed a "vicious attack." *Id.* at 142. In describing the offense, the court stated: "It's completely and utterly unjustified, and that's even taking Mr. Austin's testimony as completely, as completely 'true' in this matter." *Id.* at 143. The court found that there were no "mitigating circumstances in this matter whatsoever." *Id.* Austin was sentenced to 340 days.

*Discussion*

The issue is whether Austin's sentence is inappropriate in light of the nature of the offense and the character of the offender. Austin contends that the room in which the fight took place contained people over capacity for the space and, while such a circumstance does not justify his actions or form a defense, it "must be considered in determining an appropriate sentence." Appellant's Brief at 7. He also asserts that he was fully compliant with law enforcement after the incident concluded. He argues that this is his first conviction involving physical violence and that his criminal history is largely related to drugs and theft.[1] The State argues that Austin's sentence is not inappropriate in light of his criminal history and the completely unjustified attack.

Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade

---

[1] To the extent Austin suggests the trial court abused its discretion when it "improperly assigned significant weight to the criminal history," Appellant's Brief at 7, we note that the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Moreover, to the extent Austin suggests that the trial court abused its discretion in sentencing him, we need not address this issue because we find that his sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*.

the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Ind. Code § 35-50-3-2 provides that a person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one year.

[9] Our review of the nature of the offense reveals that while Dodson was in the process of defecating, Austin struck him from the side, and Dodson was "just blindsided." Transcript Volume II at 82. Dodson did not know Austin personally, had no interaction with Austin that night, and never said anything to Austin prior to being struck. Austin struck Dodson multiple times and continued to hit him even after he was on the ground resulting in Dodson's blood dripping from his face and a cut to his ear. Deputy Wilcox testified that the fight was one of the worst he had seen in his four years at the Marion County Sheriff's Office. The trial court described the attack as vicious and completely and utterly unjustified.

[10] Our review of the character of the offender reveals that Austin's criminal history includes convictions for intimidation as a level 6 felony in 2016; criminal trespass as a class D felony in 2006; criminal trespass as a class D felony, two counts of resisting law enforcement as class A misdemeanors, dealing in a substance represented to be a controlled substance as a class D felony, and criminal trespass as a class A misdemeanor in 2005; resisting law enforcement as a class D felony in 2004; residential entry as a class D felony and resisting law enforcement as a class A misdemeanor in 2003; two counts of

resisting law enforcement as class A misdemeanors, two counts of auto theft as class D felonies, and resisting law enforcement as a class D felony in 2002; and possession of hash oil as a class A misdemeanor in 2001. He was also on probation at the time of the offense.

[11] After due consideration, we conclude that Austin has not sustained his burden of establishing that his sentence of 340 days is inappropriate in light of the nature of the offense and his character.

[12] For the foregoing reasons, we affirm Austin's sentence.

[13] Affirmed.

May, J., and Mathias, J., concur.